IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:11-cv-00412-WDM-MEH

MICHAEL WOOTEN, Individually, and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

EMERGENCY MEDICAL SERVICES CORPORATION,
CLAYTON, DUBILIER & RICE, LLC,
GOLDMAN SACHS & CO.,
MERRILL LYNCH, PIERCE, FENNER & SMITH INC.,
ONEX CORPORATION,
WILLIAM A. SANGER,
ROBERT M. LeBLANC,
STEVEN B. EPSTEIN,
PAUL B. IANNINI,
JAMES T. KELLY,
MICHAEL L. SMITH,
KEVIN E. BENSON and
LEONARD RIGGS, JR.,

Defendants.

## DEFENDANT CLAYTON, DUBILIER & RICE, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), defendant Clayton, Dubilier & Rice, LLC ("CD&R") respectfully moves the Court (a) to dismiss Plaintiff's claims under Sections 14(a) and 20(a) of the 1934 Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. §§ 78n(a), 78t(a), for failure to state a claim upon which relief can be granted, and (b) to dismiss Plaintiff's

state law putative class action claims for lack of subject matter jurisdiction, or alternatively to dismiss or stay the state law claims in favor of a putative class action on behalf of the same putative class pending in the Delaware Court of Chancery making the same allegations and asserting the same Delaware state law claims as Plaintiff alleges here.

In support of this motion, CD&R fully adopts and joins in the arguments set forth in the Emergency Medical Services Corporation Defendants' Motion to Dismiss and, Alternatively, to Stay and Supporting Brief, filed April 8, 2011 ("EMSC Motion"). As set forth below, CD&R further submits that the claims against it under Section 14(a) and Section 20(a) of the 1934 Act should be dismissed under Rules 12(b)(6) and 9(b).

## ARGUMENT

### I.  Plaintiff Fails to State a Claim Under Section 14(a).

In addition to the reasons stated in the EMSC Motion that Plaintiff has failed to state any claim under Section 14(a) of the 1934 Act, Plaintiff also has not alleged facts sufficient to state a Section 14(a) claim against CD&R specifically.

#### A.  Heightened Pleading Rules Apply to the Section 14(a) Claim.

Plaintiff alleges that Defendants made knowing misrepresentations in a preliminary proxy statement. Specifically, Plaintiff alleges that Defendants "made untrue statements of material facts and omitted to state material facts necessary to make the statements that were made not misleading" and that Defendants "*were aware of this information and of their duty to disclose this information*." Compl. ¶ 106 (emphasis added). The Complaint thus sounds in fraud, and the heightened pleading standards of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-4(b)(2), apply notwithstanding that a Section 14(a) claim need not necessarily be premised on allegations of fraudulent conduct. *See Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 144-45 (3d Cir. 2004) ("While

2

claims brought pursuant to section 14(a) of the 1934 Act do not require that scienter be pleaded, any claims brought under the 1934 Act must meet the PSLRA particularity requirements . . . if a plaintiff elects to ground such claims in fraud."); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 & n.5 (9th Cir. 2000) (finding complaint "clearly sounded in fraud" where plaintiffs asserted knowing and intentional misconduct and applying heightened pleading standard to Section 14(a) claim). Because Plaintiff has alleged knowing misrepresentations, it cannot avoid these heightened standards by alleging that defendants "were at least negligent" in making the alleged misstatements. *Police & Fire Ret. Sys. v. SafeNet, Inc*., 645 F. Supp. 2d 210, 238 (S.D.N.Y. 2009) ("This [Section 14(a) claim] is essentially a fraud claim, and Plaintiffs will not be allowed to reclassify their claims to avoid the pleading standards of Rule 9(b)."); *cf. Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) (holding that the heightened pleading standard of Rule 9(b) applies to claims under Sections 11 and 12(a)(2) of the 1933 Act that are premised on allegations of fraud even though such claims could be based on negligence).

**B. Plaintiffs Do Not Allege Specific Facts as to CD&R's Alleged Liability.**

Plaintiffs do not meet the heightened pleading requirements of Rule 9(b) and the PSLRA. Rule 9(b) requires that "in averments of fraud … the circumstances constituting fraud ... shall be stated with particularity." Fed. R. Civ. P. 9(b). Thus, the complaint must set forth the time, place and contents of the allegedly false representation, the identity of the party making the allegedly false statement, and the consequences thereof. *Koch v. Koch Indus., Inc*., 203 F.3d 1202, 1236 (10th Cir. 2000) (internal quotation marks omitted). In addition, the PSLRA requires "plaintiffs to state with particularity both the facts constituting the alleged violation, and the facts evidencing scienter." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 313 (2007); *see also* 15 U.S.C. § 78u-4(b)(2).

3

Although the Complaint (¶¶ 59-96) identifies numerous alleged misstatements and omissions, it fails to plead with particularity what CD&R knew about the allegedly misleading statements or when CD&R allegedly obtained this knowledge. Most of the alleged misrepresentations and omissions involve matters related to EMSC's internal processes or its dealings with its investment bankers, which CD&R cannot be assumed to have known. Plaintiff's failure to plead facts that would support the blanket assertion that CD&R knew of the information allegedly omitted from EMSC's preliminary proxy statement is fatal to his claim. *See Atlas v. Accredited Home Lenders Holding Co.*, 556 F. Supp. 2d 1142, 1159 (S.D. Cal. 2008) (dismissing 14(a) claim as to certain defendants where Complaint was devoid of allegations they had knowledge of the allegedly misleading statements within the proxy).

Any attempt by Plaintiff to rely on CD&R's position as the potential acquirer is similarly insufficient to state a claim. Although a potential acquirer may be held responsible under Section 14(a) for those parts of a proxy statement to which it had a substantial connection, Plaintiff fails to identify any specific actions undertaken by CD&R in the creation of EMSC's preliminary proxy statement. Instead, Plaintiff merely alleges broadly that the proxy was "prepared, reviewed and/or disseminated by defendants" generally. Compl. ¶ 105.[1] The PSLRA and Rule 9(b) do not permit plaintiffs to group defendants (particularly those external to the filing company) and claim they are culpable collectively without specifying how each is allegedly responsible for a violation of the securities laws. *See Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 365 (5th Cir. 2004) ("[T]he PSLRA requires the plaintiffs to

---

[1] Plaintiff also erroneously asserts that "the Individual Defendants and CD&R jointly issued" the Preliminary Proxy Statement. Compl. ¶ 14. It is plain from the face of the Preliminary Proxy Statement (attached as Ex. A to the Geraci Declaration accompanying the EMSC Defendants' Motion to Dismiss) that the document was filed solely by the Company.

4

distinguish among those they sue and enlighten each defendant as to his or her particular part in the alleged fraud." (internal quotation marks omitted)).

Thus, in addition to the reasons set forth in the EMSC Motion, the Section 14(a) claim should be dismissed against CD&R for failure to plead the claim with sufficient particularity.

**II.     Plaintiff Fails to State a Claim Against CD&R Under Section 20(a).**

Section 20(a) of the Exchange Act provides for joint and several liability of persons who "control[] any person liable" under the Exchange Act.  15 U.S.C. § 78t(a).  Because the Complaint does not identify a primary violator over which CD&R has control, the Section 20(a) claim should be dismissed, even if the Section 14(a) is not dismissed as to all Defendants.

To make out a prima facie case against CD&R under Section 20(a), Plaintiff must establish: (1) the existence of a primary violation of Section 14(a); and (2) that CD&R had "control" over the primary violator. *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1107 (10th Cir. 2003).  "Control" is limited to instances where the defendant has the "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise." *Id*. at 1108.

Plaintiff fails to satisfy either element.  *First*, as explained in the EMSC Motion, he fails to allege any primary violation of Section 14(a).  *See* EMSC Motion at 6-11.  This alone warrants dismissal of the Section 20(a) claim. *City of Philadelphia v. Fleming Cos., Inc.*, 264 F.3d 1245, 1271 (10th Cir. 2001) ("Because we find that the district court properly dismissed Plaintiffs' claims relating to primary violations of the Act, we conclude that Plaintiffs' controlling person liability claims were properly dismissed, as well.").

*Second*, the Complaint does not allege that CD&R controlled any primary violator. Plaintiff fails to identify which Defendants allegedly control which other Defendants, but instead

broadly asserts that *all* Defendants, "[b]y virtue of their positions as officers and/or directors and/or controlling shareholders and/or advisors of EMSC, and/or their participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy . . . had the power to influence and control . . . the decision-making of the Company." Compl. ¶ 112. Plaintiff further asserts, without any specific allegations, that "CD&R, Onex, Goldman Sachs and BofA Merrill Lynch also had direct supervisory control over composition of the Proxy . . . as well as the information that was omitted and/or misrepresented in the Proxy." Compl. ¶ 115.

Section 20(a) imposes liability only on those who control a primary violator and does not extend liability to those merely involved in a process that allegedly resulted in a violation of the Exchange Act. Plaintiff fails to identify any primary violator that CD&R (which is not alleged to own any current interest in EMSC) allegedly controlled.

## CONCLUSION

For the reasons set forth above and in the EMSC Motion, CD&R respectfully requests that all claims against it in the Amended Complaint be dismissed with prejudice.

Respectfully submitted this 14th day of April 2011.

        HOLME, ROBERTS & OWEN LLP

        *s/ David B. Wilson*_____
        David B. Wilson
        Meredith A. Johnston
        1700 Lincoln Street, Suite 4100
        Denver, CO 80203
        Telephone: (303) 861-7000
        Facsimile:  (303) 866-0200
        david.wilson@hro.com
        meredith.johnston@hro.com

        ATTORNEYS FOR DEFENDANT
        CLAYTON, DUBILIER & RICE, LLC

        Gary W. Kubek
        Jennifer R. Cowan
        Lisa Howley
        Debevoise & Plimpton LLC
        919 Third Avenue
        New York, NY 10022
        Telephone: (212) 909-6000
        Facsimile: (212) 909-6836
        gwkubek@debevoise.com
        jrcowan@debevoise.com
        lhowley@debevoise.com

        ATTORNEYS FOR DEFENDANT
        CLAYTON, DUBILIER & RICE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Robert J. Dyer III, Esq.
Jeffrey A. Berens, Esq.
Dyer & Berens, LLP
303 East 17th Avenue, Suite 300
Denver, CO 80203
bob@dyerberens.com
jeff@dyerberens.com
Attorneys for Plaintiff

William J. Leone, Esq.
Marie E. Williams, Esq.
Faegre & Benson LLP
1700 Lincoln Street, Suite 3200
Denver, CO 80203
wleone@faegre.com
mwilliams@faegre.com
Attorneys for Defendant Emergency Medical Services Corporation

Edwin P. Aro, Esq.
Timothy R. Macdonald, Esq.
Arnold & Porter LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-1370
Ed.Aro@aporter.com
Timothy.Macdonald@aporter.com
Attorneys for Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated

Bruce A. Featherstone, Esq.
Featherstone Petrie DeSisto LLP
600 17th Street, Suite 2400-S
Denver, CO 80202-5424
bfeatherstone@featherstonelaw.com
Attorneys for Defendant Goldman, Sachs & Co.

and I hereby certify that I have served the foregoing to the following non CM/ECF participants by email to:

Randall J. Baron, Esq.
A. Rick R. Atwood, Jr.
David T. Wissbroecker
Edward M. Gergosian
Robbins Geller Rudman & Dowd, LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
randyb@rgrdlaw.com
ricka@rgrdlaw.com
dwissbroecker@rgrdlaw.com
egergosian@rgrdlaw.com
Attorneys for Plaintiff

Richard A. Maniskas, Esq.
Ryan & Maniskas, LLP
995 Old Eagle School Road, Suite 311
Wayne, PA 19087
rmaniskas@rmclasslaw.com
Attorneys for Plaintiff

8

9

| | |
|---|---|
| Phillip A. Geraci, Esq. | George Zimmerman, Esq. |
| Jeffrey A. Fuisz, Esq. | Skadden, Arps, Slate, Meagher & Flom, LLP |
| W. Stewart Wallace, Esq. | Four Times Square |
| Kaye Scholer LLP | New York, NY 1036 |
| 425 Park Avenue | george.zimmerman@skaden.com |
| New York, NY 10022 | Attorneys for Defendant Goldman, Sachs & Co. |
| pageraci@kayescholer.com | |
| jfuisz@kayescholer.com | |
| swallace@kayescholer.com | |
| Attorneys for Defendant Emergency Medical Services Corporation | |

                      *s/David B. Wilson*_____
                       David B. Wilson

9