IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00412-WDM-MEH

MICHAEL WOOTEN, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

EMERGENCY MEDICAL SERVICES CORPORATION,
CLAYTON, DUBILIER & RICE, LLC,
ONEX CORPORATION,
WILLIAM A. SANGER,
ROBERT M. LEBLANC,
STEVEN B. EPSTEIN,
PAUL B. IANNINI,
JAMES T. KELLY,
MICHAEL L. SMITH,
KEVIN E. BENSON,
LEONARD RIGGS, JR.,
GOLDMAN SACHS & CO., and
MERRILL LYNCH, PIERCE, FENNER & SMITH INC.,

    Defendants.

## ORDER ON MOTION TO STAY LITIGATION

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is a Joint Motion to Stay Litigation, to Continue All Pending Deadlines, and to Vacate Scheduling Conference [filed May 3, 2011; docket #53]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for disposition [docket #54]. The Court finds that oral argument would not assist the Court in its consideration of this matter. For the reasons that follow, the Court **grants in part and denies in part** the motion.

### BACKGROUND

    Plaintiff, on behalf of the holders of Emergency Medical Services Corporation ("EMSC") common stock, initiated this action on February 17, 2011 alleging that Defendants breached their

fiduciary duties and/or violated state law in their efforts to complete the sale and merger of EMSC to Clayton, Dubilier & Rice, LLC. Docket #1 at 2. Plaintiff amended the Complaint on March 11, 2011 adding claims on behalf of himself as an individual. Docket #6. All Defendants except Goldman, Sachs & Co., Merrill Lynch Pierce Fenner & Smith, Inc., and Onex Corporation responded to the Amended Complaint by filing motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* dockets #46 and #48. Defendants Goldman, Sachs & Co. and Merrill Lynch Pierce Fenner & Smith, Inc. are scheduled to file answers or other responses to the Amended Complaint on or before May 13, 2011, and Onex Corporation has not yet appeared in the case.

According to the parties, cases involving the same facts and claims as those alleged here have been filed in other jurisdictions. Most of the claims challenging the merger were filed in the Delaware Court of Chancery. In all cases, the principal relief sought is an injunction against the consummation of the merger. In Delaware, the court has set a hearing on the plaintiffs' motion for preliminary injunction[1] for May 16, 2011. The parties agree that to avoid unnecessary expense, judicial inefficiency and duplication of proceedings, a temporary stay pending resolution of the preliminary injunction motion in the Delaware action would be most efficient. The Court agrees.

## DISCUSSION

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, all parties seek protection from the burdensome expense of discovery at this early stage in the case.

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*,

---

[1] The Court notes that no motion for preliminary injunctive relief has been filed in this case, although the Plaintiff has indicated his intention to do so. *See* docket #24.

No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted). Here, while a motion for preliminary injunction is not dispositive of the case, a ruling on such motion may substantially alter the present course of the action.

The following five factors guide the Court's determination in considering a stay:

(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a temporary stay of proceedings is appropriate here. With respect to the first two factors, the Court balances a plaintiff's desire to proceed expeditiously with his case against the burden on a defendant of going forward. However, the parties agree on the relief requested; thus, the Court will consider neither an interest in proceeding expeditiously nor a burden on any one party. However, the Court recognizes generally the burdens of time and expenses necessary in proceeding with litigation. Thus, these factors weigh in favor of a temporary stay.

As for convenience to the Court, as set forth above, the Plaintiff noted earlier his intention to file a motion for preliminary injunction in this case; however, no such motion has been filed. Nevertheless, if a ruling in Delaware precludes the necessity to file a request for preliminary injunctive relief here, the Court notes a savings of time, money, and any duplication of effort. This factor weighs in favor of a temporary stay.

Consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position. The parties make no argument concerning the interests of non-parties or the public.

Weighing the factors necessary to consider whether to grant the requested stay, the Court finds that a temporary stay of the proceedings is justified, but will require that the parties keep the Court informed as to the Delaware proceedings by monthly status reports. Therefore, a stay will be imposed pending resolution of the motion for preliminary injunction filed in the Delaware action or until further order of this Court as determined following review of the parties' monthly status reports.

### III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Joint Motion to Stay Litigation, to Continue All Pending Deadlines, and to Vacate Scheduling Conference [filed May 3, 2011; docket #53] is **granted in part and denied in part**. A temporary stay of the proceedings is hereby imposed pending resolution of the motion for preliminary injunction in the Delaware action. The parties shall file a joint status report on May 31, 2011, and every 30 days thereafter, informing the Court of the status of the proceedings in the Delaware action, until the motion is resolved.

Consistent with this order, the Scheduling Conference set in the case for May 10, 2011 is **vacated** and will be rescheduled upon notice of the disposition of the preliminary injunction motion in the Delaware action.

Dated at Denver, Colorado, this 9th day of May, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge