IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Lead Case No. 1:11-cv-00412-CMA-MEH
(Consolidated for All Purposes with Case No. 1:11-cv-00496-CMA-MEH)

MICHAEL WOOTEN, Individually, and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

EMERGENCY MEDICAL SERVICES CORPORATION, et al.

Defendants.

**SCHEDULING ORDER**

## 1.  DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Rule 16(b) conference took place on August 17, 2011.

Appearing for Plaintiffs Michael Wooten and Neal Greenberg were A. Rick Atwood, Jr. of Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, San Diego, California 92101, (619) 231-1058 and Darby Kennedy of Dyer & Berens, LLP, 303 E. 17th Avenue, Suite 300, Denver, Colorado  80203, (303) 861-1764.

Appearing for Defendants were Phillip A. Geraci of Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022, (212) 836-8000 and William J. Leone of  Fulbright & Jaworski LLP, 370 17th Street, Suite 2150, Denver, Colorado 80202, (303) 801-2750 for the EMS Defendants; Gary W. Kubek (by telephone) of Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022, (212) 909-6000, and David B. Wilson of Holme Roberts & Owen LLP, 1700 Lincoln Street, Suite 4100, Denver, Colorado 80203, (303) 861-7000, for Defendant Clayton, Dubilier & Rice LLP; Mark Wielga of Temkin Wielga & Hardt LLP, 303 Wazee Street, Denver, Colorado 80202, (303) 382-2919 for Defendant Onex Corporation; and Bruce A. Featherstone, Featherstone Petrie DeSisto LLP, for Defendant Goldman, Sachs & Co.[1]

---

[1] Plaintiffs and Defendant Goldman, Sachs & Co. are in discussions regarding a possible dismissal without prejudice.  If they reach an agreement and Plaintiffs have filed a stipulation of dismissal, counsel for Goldman, Sachs & Co. will not attend the conference.

## 2. STATEMENT OF JURISDICTION

**a.     Plaintiffs' statement**: This Court has jurisdiction over all claims asserted herein or to be asserted in Plaintiffs' anticipated Second Amended Complaint (see Section 9(a) below), pursuant to § 27 of the Securities Exchange Act of 1934 (the "Act") for violations of §§ 14(a) and 20(a) of the Act and SEC Rule 14a-9 promulgated thereunder, pursuant to 28 U.S.C. § 1332(a)(2) in that Plaintiffs and Defendants are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, and pursuant to 15 U.S.C. § 78bb(f)(3)(a)(i).  This Court has supplemental jurisdiction under 28 U.S.C. § 1367.[2]

**b.     Defendants' statement**:  Defendants deny that the Court has jurisdiction over all of Plaintiffs' claims pursuant to § 27 of the Act  because § 27 grants jurisdiction only over claims under the Act.  Defendants further deny that the Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(a)(2) because the Amended Complaints fail to allege the factual predicates for diversity jurisdiction.  In addition, the Court should not exercise supplemental jurisdiction if it grants the pending motion to dismiss the federal securities law claims.

Defendant Onex Corporation denies that this Court has personal jurisdiction over it. Onex Corporation is a foreign corporation based in Toronto, Ontario.  It was served pursuant to the Hague Convention in Canada after other parties filed their motions to

---

[2]     This Scheduling Order refers and applies to both the *Wooten* and *Greenberg* actions collectively, except where necessary to reflect differences in proceedings that occurred prior to consolidation of the two actions.

dismiss the *Wooten* action, and Onex Corporation has not yet answered or moved with respect to either complaint.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiffs' statement**:  These are two consolidated stockholder actions brought individually and on behalf of a putative class of the former public holders of Emergency Medical Services Corporation ("EMSC" or the "Company") common stock against EMSC's controlling shareholder, Onex Corporation ("Onex"), and EMSC's Board of Directors (the "Board").  Plaintiffs allege violations of federal proxy laws, as well as breaches of fiduciary duty and/or other violations of Delaware law, arising out of the merger of the Company (the "Merger") with an affiliate of defendant Clayton, Dubilier & Rice, LLC ("CD&R") for $64.00 per share in cash.  Plaintiff contends that the Merger is the product of an unfair process and is for an unfair price.  Also named as defendants are EMSC, CD&R and Goldman, Sachs & Co. ("Goldman Sachs"), one of the Company's financial advisors.  Plaintiffs allege that these additional defendants aided and abetted the Board's breaches of fiduciary duty.

b. **Defendants' statement**:  As set forth in the EMSC Defendants' Motion to Dismiss filed in the *Wooten* action, Plaintiffs do not state a claim for violations of federal proxy laws because the votes of shareholders other than defendant Onex Corporation were not required to approve the Merger.  In addition, Plaintiffs cannot establish any breaches of fiduciary duty or other violations of Delaware law, which applies here, because the directors of EMSC had no conflicts of interest and followed an appropriate process that was intended to, and did, maximize the value obtained for all EMSC

shareholders in the Merger.  Accordingly, there was no predicate breach of fiduciary duty by the directors of EMSC.  Nor can Defendant Goldman, Sachs & Co.'s provision of customary investment banking services constitute knowing participation in any alleged breach of fiduciary duty so as to establish liability for aiding and abetting a breach of fiduciary duty.  Therefore, the other Defendants also cannot be found liable for aiding and abetting a breach of fiduciary duty.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

1. At the time the litigation commenced, EMSC was a Delaware corporation headquartered in Greenwood Village, Colorado.

2. Until the Acquisition closed, EMSC's shares were publicly traded on the New York Stock Exchange under the symbol "EMS", and had been since the Company's initial public offering on December 16, 2005.

3. As of March 21, 2011, the record date for the vote on the Merger, there were 30,482,075 shares of EMSC Class A common stock outstanding, 52,228 shares of EMSC Class B common stock outstanding, and one Class B special voting share outstanding.

4. Each share of Class A common stock outstanding on the record date entitled its holder to one vote, each share of Class B common stock outstanding entitled its holder to ten votes, and the one Class B special voting share entitled its holder to the number of votes (an aggregate of 137,246,760 votes) that would attach to the Class B

common stock receivable upon the exchange of LP exchangeable units outstanding on the record date.

5.   At the time of the Merger, Onex owned 99.6% of the Company's Class B common stock, owned 31% of all EMSC equity shares and controlled in excess of 81% of the voting power of the Company's stock.

6.   At the time of the Merger, EMSC's Board members were William A. Sanger, who served as Chairman and the Chief Executive Officer of EMSC; Robert M. LeBlanc, who is a Managing Director of Onex; Steven B. Epstein; Paul B. Iannini; James T. Kelly; Michael L. Smith; Kevin E. Benson; and Leonard Riggs, Jr.

7.   The Acquisition, whereby an affiliate of Defendant CD&R was to acquire EMSC for $64.00 per share in cash, was announced on February 14, 2011.

8.   The shareholder vote on the Merger took place on May 20, 2011. Approximately 93% of the voting power of the Company as of the close of business on March 21, 2011, the special meeting record date, voted in favor of the Merger; only 41,863 shares were voted against the Merger.

9.   The Merger closed on May 25, 2011.

### 5. COMPUTATION OF DAMAGES

**a.   Plaintiffs' statement**: The operative complaints seek solely injunctive and other equitable relief. However, as discussed in Section 9(a) below, Plaintiffs anticipate filing a Second Amended Complaint that will assert a claim for money damages. The calculation of such damages will be the subject of expert testimony, and at present no experts have been designated and no expert reports have been prepared.

Accordingly, Plaintiffs at present are not in a position to provide a precise damages calculation. However, the measure of damages in the case will likely be calculated based on the difference between the value of EMSC stock and the $64.00 Acquisition price. A number of stock market analysts, who are quoted in Plaintiffs' Amended Complaints, calculated the value of EMSC to be in excess of $70 per share, substantially higher than the $64.00 per share paid in the Acquisition. Plaintiffs anticipate that an expert using methodologies similar to those employed by these various market analysts would arrive at similar value conclusions for EMSC stock.

    **b.** **Defendants' statement**: No claim for damages is alleged in either of the Amended Complaints. Even if Plaintiffs amend their complaints to allege damages, there are no damages because Plaintiffs cannot establish any violation of law or breach of duty entitling Plaintiffs to damages. If Plaintiffs could establish liability, Defendants agree that the calculation of damages would be a subject of expert testimony. Defendants anticipate that such testimony would show that the $64 per share merger price was fair and that Plaintiffs are entitled to no damages.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(F)

    a.    *Date of Rule 26(f) meeting:* July 18, 2011 (by telephone).

    b.    *Names of each participant and party he/she represented*:

Appearing for Plaintiffs Michael Wooten and Neal Greenberg was: A. Rick Atwood, Jr. of Robbins Geller Rudman & Dowd LLP.

Appearing for Defendants were W. Stewart Wallace of Kaye Scholer LLP and William J. Leone of Fulbright & Jaworski LLP for the EMS Defendants; Gary W. Kubek

of Debevoise & Plimpton LLP and David B. Wilson of Holme Roberts & Owen LLP for Defendant CD&R; David W. Brown of Paul, Weiss, Rifkind, Wharton & Garrison LLP and Mark Wielga of Temkin Wielga & Hardt LLP for Onex Corporation; and Paul J. Lockwood of Skadden, Arps, Slate, Meagher & Flom LLP for Goldman Sachs.[3]

    c.    *Statement as to when Rule 26(a)(1) disclosures were made or will be made*:

Substantial discovery has already taken place in the companion Delaware litigation (see Section 6(d) below). The parties anticipate making any additional required Rule 26(a)(1) disclosures within 30 days after the issuance by the Court of an order deciding a motion for class certification.

    d.    *Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1)*:

A substantial document production was made in connection with expedited discovery proceedings relating to a motion for a preliminary injunction, which was withdrawn, in the parallel litigation in the Delaware Court of Chancery. These documents also were provided to Plaintiffs in this litigation. Five depositions also were taken in the Delaware litigation. Counsel for Plaintiffs in this litigation took two of those depositions and were provided with transcripts for the other depositions. Accordingly, the parties to this litigation believe that it would be appropriate to postpone further discovery, including Rule 26(a)(1) disclosures, until such time as the Court rules on

---

[3]     Counsel for Defendant Merrill Lynch, Pierce, Fenner & Smith Inc. also participated in the conference, but that Defendant has been dismissed without prejudice by Plaintiffs.

Defendants' anticipated motions to dismiss Plaintiffs' to-be-filed Second Amended Complaint(s). The parties further believe that, if the Court denies the anticipated motions to dismiss, further discovery other than class certification discovery should be postponed until after the Court rules on a motion for class certification. In the event that any Defendants contest personal jurisdiction, however, Plaintiffs may seek discovery as to personal jurisdiction. Defendants reserve their rights to object to such discovery requests at the appropriate time.

  e. *Statement concerning any agreements to conduct informal discovery*:

No agreements regarding informal discovery beyond that discussed in Section 6(d) above have been reached.

  f. *Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system*:

The parties believe that, given the current posture of the case and the agreement to limit further discovery pending resolution of anticipated motions to dismiss and a class certification motion, it is premature to reach further agreements regarding discovery procedures. However, the parties will work together to reduce discovery and other litigation costs.

  g. *Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form*:

As described above, a substantial volume of documents, including electronically stored documents, already have been produced to Plaintiffs in this litigation. The parties do not anticipate any difficulty with regard to the preservation or production of any further electronically stored documents that may subsequently take place in this litigation.

h.  *Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case*:

The parties have discussed the possibility of settling this litigation. These discussions are ongoing.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.  *Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules*:

The parties do not currently anticipate any need to modify these provisions. The parties may propose modifications after resolution of anticipated motions to dismiss and a class certification motion.

b.  *Limitations which any party proposes on the length of depositions*:

One day of seven hours for each witness deposed.

c.  *Limitations which any party proposes on the number of requests for production and/or requests for admission*:

None at this time.  Depending on the resolution of anticipated motions to dismiss and a class certification motion, after which the scope of the issues to be litigated will be established, it may be appropriate to impose limits on both requests for production and requests for admission.

    d.    *Other planning or discovery orders*

None at this time.

### 9. CASE PLAN AND SCHEDULE

    a.    *Deadline for Joinder of Parties and Amendment of Pleadings*:

Plaintiffs shall file any Second Amended Complaint(s) on or before September 19, 2011.  Defendants shall have until October 21, 2011 to move or answer.  If any Defendants move to dismiss, Plaintiffs shall respond to such motion(s) on or before November 21, 2011, and any moving Defendant shall serve and file its reply on or before December 14, 2011.  In the event that the motions to dismiss are denied, Plaintiffs shall file a motion for class certification within 30 days of the Order denying the dismissal motion(s).  Defendants shall have 60 days to respond, and Plaintiffs shall have 21 days to reply.

    b.    *Discovery Cut-off*:

Fact discovery cut-off will be 180 days after the Court resolves the anticipated motions to dismiss and class certification motion.

    c.    *Dispositive Motion Deadline*:

The deadline for filing dispositive motions will be 90 days after the completion of expert discovery.

    d.    *Expert Witness Disclosure*:

        1.    *Anticipated fields of expert testimony:*

The parties anticipate that Plaintiffs and Defendants will offer expert testimony concerning the fairness of the $64 per share merger price, if issues relating to the fairness of the merger are part of the case following the Court's rulings on any motions to dismiss.

        2.    *Proposed limitations on use or number of expert witnesses:*

None.

        3./4.    The parties believe that the dates for expert witness disclosure and depositions should be established by subsequent agreement and/or order after the Court resolves the anticipated motions to dismiss and class certification motion, when the scope of the issues to be litigated will be established.

    e.    *Identification of Persons to Be Deposed*:

The parties believe that identification of additional deponents beyond those previously deposed should be postponed until after the Court resolves the anticipated motions to dismiss and class certification motion, when the scope of the issues to be litigated will be established.

    f.    *Deadline for Interrogatories*:

All interrogatories must be propounded no later than 60 days before the discovery cutoff.

    g.    *Deadline for Requests for Production of Documents and/or Admissions*:

All requests for production must be propounded no later than 60 days before the discovery cutoff.

## 10.   DATES FOR FURTHER CONFERENCES

The parties believe that these dates should be established by subsequent agreement and/or order after the Court resolves the anticipated motions to dismiss and class certification motion.

## 11.  OTHER SCHEDULING MATTERS

a.   *Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement*:

None.

b.   *Anticipated length of trial and whether trial is to the court or jury*:

The parties believe that a trial of this matter will take approximately two weeks. A determination of whether the trial will be to the Court or to a jury cannot be made until after the Court determines what claims to be asserted in the Second Amended Complaint are not dismissed, if any.

c.   *Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado*:

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The parties believe that amendments to the scheduling order should be established by subsequent agreement and/or order upon a showing of good cause after the Court resolves the anticipated motions to dismiss and class certification motion.

DATED this ____ day of _____, 2011.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

DATED:  [Insert Date]

DYER & BERENS LLP

*s/ Darby K. Kennedy*
Robert J. Dyer III
Jeffrey A. Berens
Darby K. Kennedy
303 East 17th Avenue, Suite 300
Denver, CO  80203
Telephone:  303/861-1764
303/395-0393 (fax)
bob@dyerberens.com
jeff@dyerberens.com
darby@dyerberens.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
RANDALL J. BARON
A. RICK R. ATWOOD, JR.
DAVID T. WISSBROECKER
EDWARD M. GERGOSIAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
randyb@rgrdlaw.com
ricka@rgrdlaw.com
dwissbroecker@rgrdlaw.com
egergosian@rgrdlaw.com

RYAN & MANISKAS, LLP
RICHARD A. MANISKAS
995 Old Eagle School Road, Suite 311
Wayne, PA 19087
Telephone: 484/588-5516
484/450-2582 (fax)
rmaniskas@rmclasslaw.com

Attorneys for Plaintiffs

HOLME ROBERTS & OWEN LLP

*s/David B. Wilson*
David B. Wilson
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Telephone:  (303) 861-7000
Facsimile:  (303) 866-0200
david.wilson@hro.com

Attorneys For Defendant Clayton, Dubilier & Rice, LLC

Gary W. Kubek
Jennifer R. Cowan
Andrew C. Adams
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
Telephone:  (212) 909-6000
Facsimile:  (212) 909-6836
gwkubek@debevoise.com
jrcowan@debevoise.com
acadams@debevoise.com

Attorneys For Defendant Clayton, Dubilier & Rice, LLC
*Pro hac vice*

FULBRIGHT & JAWORSKI LLP

*s/William J. Leone*
William J. Leone
Republic Plaza
370 17th Street, Suite 2150
Denver, CO 80202-5638
wleone@fulbright.com
Telephone:  303-801-2700
Facsimile:  303-801-2777

Attorneys for Defendants Emergency Medical Services Corporation and William A. Sanger, Robert M. Leblanc, Steven B. Epstein, Paul B. Iannini, James T. Kelly, Michael L. Smith, Kevin E. Benson and Leonard Riggs, Jr.

Phillip A. Geraci
W. Stewart Wallace
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
Telephone:  212-836-8000
Facsimile:  212-
pageraci@kayesholer.com
swallace@kayesholer.com

Attorneys for Defendants Emergency Medical Services Corporation, *et al.*
*Pro hac vice*

FEATHERSTONE PETRIE DESISTO LLP

*s/Bruce A. Featherstone*
Bruce A. Featherstone
600 17th Street, Suite 2400-S
Denver, CO 80202-5424
Telephone:  303-626-7125
Facsimile:  303-626-7101
bfeatherstone@featherstonelaw.com
Attorneys for Defendant Goldman, Sachs & Co.

TEMKIN WIELGA & HARDT LLP

*s/Mark A. Wielga*
Mark A. Wielga
1900 Wazee Street, Suite 303
Denver, CO 80202
Wielga@ twhlaw.com
Phone:  303-382-2919
Fax:  303-292-4921
Attorneys for Defendant Onex Corporation