**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:11-cv-00412-CMA-MEH
**(Consolidated)**

MICHAEL WOOTEN, et al., Individually and on Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

EMERGENCY MEDICAL SERVICES CORPORATION, et al.,

    Defendants.

---

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

**EXHIBIT A**

---

660472_5

This matter comes before the Court on the parties' motion to approve the settlement in this consolidated class action lawsuit (the "Colorado Federal Action"), and the Court, being sufficiently advised, FINDS AND ORDERS as follows:

1. The Plaintiffs have moved without objection by Defendants for an order approving the settlement of the Colorado Federal Action, in accordance with a Stipulation of Settlement dated as of November 28, 2011 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Colorado Federal Action and for dismissal of the Colorado Federal Action with prejudice upon the terms and conditions set forth therein.

2. The Court has read and considered the Stipulation and the Exhibits annexed hereto. All defined terms used herein shall have the same meanings as set forth in the Stipulation.

3. Pursuant to Rules 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure, the Court certifies, for purposes of effectuating this settlement only, a non-opt out Settlement Class of all Persons who were record holders or beneficial owners of EMSC common stock at any time from December 13, 2010, through and including May 25, 2011 (the effective date of the Merger), including any and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them. Excluded from the Settlement Class are Defendants and their officers, directors, and majority-owned affiliates, as well as members

of the immediate family of any Individual Defendant, and the legal representatives, heirs, successors or assigns of any such excluded Person.

4. After a preliminary review, the settlement appears to be within a range of fairness, reasonableness, and adequacy that is sufficient to warrant (i) notice thereof as set forth below; and (ii) a full hearing on the settlement. Accordingly, the Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

5. A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2012, at \_\_:\_\_ \_.m., at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3589, to determine whether (i) the proposed settlement of the Colorado Federal Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; and (ii) a Judgment as provided in ¶1.12 of the Stipulation should be entered herein.

6. The Court approves, as to form and content, the Notice of Settlement of Class Action (the "Notice"), annexed as Exhibit A-1 hereto, and finds that the mailing and distribution of the Notice, substantially in the manner and form set forth in ¶¶7 and 8 of this Order, meet the requirements of Federal Rules of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. EMSC (or its successor(s)-in-interest) shall undertake the administrative responsibility for giving notice to the Settlement Class and is authorized to hire Alliance Advisors (the "Notice Administrator") to effectuate such notice subject to such supervision

and direction of EMSC or the Court as may be necessary or the circumstances require as more fully set forth below. EMSC or its successor(s) shall pay all reasonable costs and expenses in providing notice to the Settlement Class.

8. Not later than _____, 2011 (the "Notice Date"), the Notice Administrator shall cause a copy of the Notice, substantially in the form annexed hereto as Exhibit A-1, to be mailed by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort.

9. At least fourteen (14) calendar days prior to the Settlement Hearing, EMSC or its successor(s) counsel shall cause to be filed with the Court proof, by affidavit or declaration, of such mailing.

10. Nominees who held EMSC common stock at any time from and including December 13, 2010, through and including May 25, 2011 for the beneficial ownership of another shall mail the Notice to all such beneficial owners of such common stock within fourteen (14) calendar days after receipt thereof or send a list of the names and addresses of such beneficial owners to the Notice Administrator within fourteen (14) calendar days of receipt, in which event the Notice Administrator shall promptly mail the Notice to such beneficial owners.

11. All Members of the Settlement Class shall be bound by all determinations and judgments in the Colorado Federal Action concerning the settlement, whether favorable or unfavorable to the Settlement Class.

12. Any Settlement Class Member may enter an appearance in the Colorado Federal Action, at their own expense, individually, or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

13. Pending the Effective Date, all proceedings in the Colorado Federal Action other than those necessary to effectuate the settlement shall be stayed.

14. Pending the Effective Date, Plaintiffs and all Settlement Class Members, and any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claim, either directly, representatively, derivatively, or in any other capacity, against any Released Person.

15. Any Member of the Settlement Class may appear and show cause, if he, she or it has any reason why the proposed settlement should or should not be approved as fair, reasonable, and adequate, or why the Judgment should or should not be entered thereon provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs, such that they are received on or before _____, 2012, by Jeffrey D. Light, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; Phillip A. Geraci, Kaye Scholer LLP, 425 Park Avenue, New York, NY 10022; and Gary W. Kubek, Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY 10022, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the

- 4 -

District of Colorado at the Alfred A. Arraj United States Courthouse, Room A-105, 901 19th Street, Denver, CO 80294-3589, on or before _____, 2012. Any Member of the Settlement Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Stipulation unless otherwise ordered by the Court.

16. All papers including memoranda or briefs in support of the settlement or the award of attorneys' fees and expenses shall be filed and served twenty one (21) calendar days prior to the deadline for Settlement Class Members to object to the settlement; and reply briefs or other papers supporting the settlement or attorneys' fees and expenses shall be filed and served seven (7) calendar days before the Settlement Hearing.

17. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Released Actions, or of any liability, fault, or wrongdoing of any kind.

18. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

DONE this ___ day of _____, 20__.

                                        BY THE COURT:

                                        _____
                                        CHRISTINE M. ARGUELLO
                                        UNITED STATES DISTRICT JUDGE