**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:11-cv-00412-CMA-MEH
**(Consolidated)**

MICHAEL WOOTEN, et al., Individually and on Behalf of All Others Similarly Situated,

     Plaintiffs,

v.

EMERGENCY MEDICAL SERVICES CORPORATION, et al.,

     Defendants.

---

**NOTICE OF SETTLEMENT OF CLASS ACTION**

**EXHIBIT A-1**

---

665739_4

TO:   ALL PERSONS WHO WERE RECORD HOLDERS OR BENEFICIAL OWNERS OF EMERGENCY MEDICAL SERVICES CORPORATION ("EMSC" OR THE "COMPANY") COMMON STOCK AT ANY TIME FROM DECEMBER 13, 2010, THROUGH AND INCLUDING MAY 25, 2011, THE EFFECTIVE DATE OF THE MERGER BETWEEN EMSC AND AN AFFILIATE OF CLAYTON, DUBILIER & RICE, LLC ("CD&R")

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.   YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.

This Notice has been sent to you pursuant to an Order of the United States District Court for the District of Colorado (the "Court").  The purpose of this Notice is to inform you of the proposed settlement of class action litigation concerning the merger between EMSC and CD&R and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement.  This Notice describes the rights you may have in connection with the settlement and what steps you may, but are not required to, take in relation to the settlement.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in this litigation or the fairness or adequacy of the proposed settlement.

## I.    THE LITIGATION

On February 17, 2011, a legal action entitled *Wooten v. Emergency Medical Services Corporation, et al.*, Civil Action No. 1:11-cv-00412, was filed in the Court alleging violations of federal securities laws and breaches of state law fiduciary duties in connection with the proposed acquisition, announced on February 14, 2011, of EMSC by an affiliate of CD&R for $64.00 per share in cash (the "Merger").

- 1 -

On February 28, 2011, an action entitled *Greenberg v. Emergency Medical Services Corporation, et al.*, Civil Action No. 1:11-cv-00496, was also filed in the Court challenging the Merger.  By Order dated July 19, 2011, the Court consolidated the *Wooten* and *Greenberg* actions under the *Wooten* case number (the "Colorado Federal Action").

On February 15, 2011, an action entitled *Halliday v. Emergency Medical Services Corporation, et al.*, Case No. 2011CV316, was filed in the District Court, Arapahoe County, Colorado, challenging the Merger; said action was voluntarily dismissed without prejudice on September 16, 2011 (the "*Halliday* Action").

On March 1, 2011, an action entitled *Howell v. Sanger, et al.*, Case No. 2011CV488, was filed in the District Court, Arapahoe County, Colorado, challenging the Merger; said action was voluntarily dismissed on October 24, 2011 (the "*Howell* Action").  The *Howell* Action and the *Halliday* Action are collectively referred to as the "Colorado State Actions." The Colorado Federal Action and the Colorado State Actions are collectively referred to as the "Actions."

Beginning on February 22, 2011, seven actions, which were subsequently consolidated into one action entitled *In re Emergency Medical Services Corporation Shareholder Litigation*, Consolidated C.A. No. 6248-VCS, were filed in the Delaware Court of Chancery (the "Consolidated Delaware Action"); said action was voluntarily dismissed without prejudice on September 26, 2011.

The Colorado Federal Action, the Colorado State Actions, and the Consolidated Delaware Action are collectively referred to herein as the "Released Actions."

- 2 -

Each of the Released Actions named as defendants some or all of the following individuals and entities: William A. Sanger, Robert M. LeBlanc, Steven B. Epstein, Paul B. Iannini, James T. Kelly, Michael L. Smith, Kevin E. Benson, Leonard Riggs, Jr. (the "Individual Defendants"), EMSC, Merrill Lynch, Pierce Fenner & Smith Inc., Bank of America Corporation, Goldman, Sachs & Co., CD&R, CDRT Acquisition Corporation, CDRT Merger Sub, Inc., Onex Corporation, Onex EMSC Co-Invest LP, Onex Partners LP, Onex Partners GP LP, Onex Partners LLC, Onex US Principals LP, EMS Executive Investco LLC, Onex American Holdings II LLC, and Onex Partners GP, Inc. (collectively, "Defendants").  On July 22, 2011 and August 16, 2011, the Colorado Federal Plaintiffs voluntarily dismissed without prejudice from the Colorado Federal Action, respectively, Merrill Lynch, Pierce Fenner & Smith Inc., and Goldman, Sachs & Co.  Neither of these entities was named as a defendant in either of the Colorado State Actions.

Between the commencement of the Released Actions and the present, Defendants have produced hundreds of thousands of pages of documents and electronic materials related to the Merger and have produced six witnesses for deposition.

On March 1, 2011, the Company filed with the U.S. Securities and Exchange Commission (the "SEC") a preliminary merger proxy statement.

On March 25, 2011 and April 18, 2011, the Company filed with the SEC revised preliminary merger proxy statements.

On or about April 22, 2011, the Company filed with the SEC and mailed to EMSC shareholders a definitive merger proxy statement (the "Proxy").

665739_4

The Proxy included various additional disclosures (the "Additional Disclosures") that had been alleged by Plaintiffs in the Released Actions to be material omissions from the preliminary merger proxy statement.  Defendant EMSC acknowledges that the pendency and prosecution of the Released Actions and the efforts of Plaintiffs' Counsel were a substantial cause for the decision to provide such Additional Disclosures in the Proxy.

Plaintiffs and Plaintiffs' Counsel conducted an extensive investigation regarding their claims for injunctive and declaratory relief in the Released Actions.  Plaintiffs' Counsel also reviewed and analyzed hundreds of thousands of pages of internal non-public documents and electronic material produced by EMSC related to the Merger and took six depositions. Colorado Federal Plaintiffs' Counsel also engaged in arm's-length negotiations with Defendants' counsel regarding a possible resolution of the claims asserted in the Released Actions.  As a result of these negotiations, the parties in the Colorado Federal Action and the Colorado State Actions entered into an agreement-in-principle to resolve the claims asserted in the Released Actions.  On September 27, 2011, counsel for the parties in the Colorado Federal Action and the *Howell* Action executed a Memorandum of Understanding ("MOU").  The parties thereafter conducted further negotiations regarding the final terms of the settlement resulting in the execution of a Stipulation of Settlement dated as of November 28, 2011 (the "Stipulation"), which can be viewed and/or downloaded at www.proxyease.com/EMSC.

The settlement set forth in the Stipulation reflects the results of arm's-length negotiations.  During the negotiations, all parties were represented by counsel with extensive experience and expertise in shareholder class action litigation.  Colorado Federal

- 4 -

665739_4

Plaintiffs, Colorado State Plaintiffs, and their counsel have concluded that the disclosures of additional information provided to EMSC shareholders provided EMSC shareholders with material information that enabled them to cast an informed vote on the Merger. As a result, Colorado Federal Plaintiffs, Colorado State Plaintiffs, and their counsel believe that the settlement is fair, reasonable, and adequate, and in the best interest of the Settlement Class.

## II.     TERMS OF THE PROPOSED SETTLEMENT

As a result of, among other things, discussions between and among the Settling Parties, in consideration for the full settlement and release of all Released Claims, EMSC made Additional Disclosures concerning the Merger in the Proxy filed with the SEC on or about April 22, 2011 and mailed to EMSC shareholders. Defendant EMSC has acknowledged that the filing and prosecution of the Released Actions and the efforts of Plaintiffs' Counsel were a substantial cause of its decision to make the Additional Disclosures, which contained information sought in the Colorado Federal Action and the other Released Actions. The Additional Disclosures include:

(a)     The number of financial buyers that initially were selected by the board of directors to participate in the sales process – this disclosure is on page 21 of the Proxy.

(b)     The reasons that financial buyers, but not strategic buyers, were initially allowed to participate in the sales process – this disclosure is on page 21 of the Proxy.

665739_4

(c)     The reasons that one potential strategic acquirer and two financial buyers that control portfolio companies regarded as potential strategic partners were invited into the process – this disclosure is on page 22 of the Proxy.

(d)     CD&R's initial preference to partner with Onex or another financial partner in the proposed acquisition and how it ultimately came to make its bid for the Company without partnering with another financial partner – this disclosure is on pages 22 and 24 of the Proxy.

(e)     Details regarding the services Goldman Sachs and /or its affiliates performed for CD&R during the two years prior to February 13, 2011 and the relative size of the fees for those services – this disclosure is on pages 36 to 37 of the Proxy.

(f)     Information regarding ownership interests in funds managed by CD&R or its affiliates that are held by Goldman Sachs, its affiliates and employees of Goldman Sachs and its affiliates – this disclosure is on page 37 of the Proxy.

(g)     Information regarding the expected ownership interests of Goldman Sachs, its affiliates, and employees of Goldman Sachs and its affiliates in the post-merger entity through funds managed by CD&R or its affiliates – this disclosure is on page 37 of the Proxy.

(h)     Information regarding the relative size of the fees that CD&R and certain of its portfolio companies paid to BofA Merrill Lynch for certain investment banking and commercial banking services during the two years prior to February 13, 2011 – this disclosure is on page 38 of the Proxy.

665739_4

(i)      The definition of unlevered free cash flow that Goldman Sachs used in its Illustrative Discounted Cash Flow Analysis – this disclosure is on page 33 of the Proxy.

(j)      How stock-based compensation was treated by Goldman Sachs in calculating unlevered free cash flow – this disclosure is on page 33 of the Proxy.

(k)      How Goldman Sachs in its Illustrative Discounted Cash Flow Analysis derived the range of discount rates and perpetuity growth rates used in its analysis – this disclosure is on page 33 of the Proxy.

(l)      The Enterprise Value as a multiple of LTM EBITDA for each of the selected precedent transactions observed by Goldman Sachs in its Selected Transactions Analysis – this disclosure is on page 34 of the Proxy.

(m)      How Goldman Sachs in its Illustrative Present Value of Future Share Price Analysis derived the range of discount rates – this disclosure is on page 35 of the Proxy.

(n)      The portion of the $12.95 million fee expected to be received by Goldman Sachs that was payable upon execution of the merger agreement and the portion that was contingent upon completion of the merger – this disclosure is on pages 4 and 37 of the Definitive Proxy.

(o)      The range of aggregate fees that BofA Merrill Lynch expects to receive in connection with the financing of the proposed acquisition – this disclosure is on page 38 of the Proxy.

665739_4

(p)     The fact that Onex and its affiliates are not receiving any other fee or consideration in connection with the Merger except for the payment of the merger consideration to the Onex Affiliates – this disclosure is on pages 3 and 47 of the Proxy.

(q)     The estimated $300 million in "transaction costs" incurred in connection with the proposed acquisition – this disclosure is on pages 3 and 47 of the Proxy.

After agreeing to the above provisions, the parties negotiated at arm's length the amount of attorneys' fees and expenses that, subject to Court approval, would be paid to Plaintiffs' Counsel.  As a result of those negotiations, EMSC or its successor(s) in interest has agreed to pay, or cause to be paid to, on behalf of itself and for the benefit of the other Defendants, Plaintiffs' Counsel's attorneys' fees and expenses in an amount of $900,000.00.   Approval of the settlement, however, is not conditioned on the Court awarding such an amount.

The Settling Parties also agree, for purposes of this settlement only, to the certification of a Settlement Class (defined below) pursuant to Federal Rule of Civil Procedure 23.

## III.     REASONS FOR THE SETTLEMENT

Colorado Federal Plaintiffs and Colorado State Plaintiffs believe that the claims asserted in their respective actions have merit.  However, Colorado Federal Plaintiffs' Counsel and Colorado State Plaintiffs' Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Actions against the Defendants through trial and through appeals.  Colorado Federal Plaintiffs' Counsel and Colorado State Plaintiffs' Counsel also have taken into account the uncertain outcome and

665739_4

the risk of any litigation, especially in complex actions such as the Actions, as well as the difficulties and delays inherent in such litigation.  Colorado Federal Plaintiffs' Counsel also are mindful of the inherent problems of proof, and recognize that Defendants would continue to assert legal and factual defenses to the claims asserted in the Actions.  Based on their evaluation, Colorado Federal Plaintiffs' Counsel and Colorado State Plaintiffs' Counsel believe that the settlement set forth in the Stipulation is fair, reasonable, and adequate, confers substantial benefits upon the Settlement Class, and is in the best interests of the Settlement Class.

The Defendants have denied, and continue to deny, each and all of the claims and contentions alleged by the Plaintiffs in the Released Actions.  The Defendants further have denied, and continue to deny, that they, or any one of them, committed or aided and abetted the commission of any violation of law, or engaged in any of the wrongful acts alleged in the Released Actions, and expressly maintain that they diligently and scrupulously have complied with their fiduciary and other legal duties.  Specifically, the Defendants deny that the preliminary proxy statements filed with the SEC and provided to EMSC shareholders were incomplete or in any way misleading, that any additional disclosure was required under Delaware law, the federal securities laws, SEC rules or any other applicable legal principle, or that they have committed or threatened to commit any violations of law or breaches of fiduciary or other duties to Plaintiffs in any of the Released Actions, the Settlement Class, or anyone else, or that they have aided and abetted any such breaches of duty.  The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Plaintiffs or the Settlement Class have suffered damage or that the

- 9 -

Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Released Actions.

Nonetheless, to eliminate the burden and expense of further litigation, the Defendants have concluded that it is desirable that the claims asserted in the Released Actions be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.  The Defendants, therefore, have agreed to enter into the Stipulation solely to eliminate the burden and expense of further litigation.

## IV.    NOTICE OF HEARING ON PROPOSED SETTLEMENT

A settlement hearing will be held on _____, 2012, at __:__ __.m., before the Honorable Christine M. Arguello, United States District Judge, at the United States District Court for the District of Colorado at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294 (the "Settlement Hearing").  The purpose of the Settlement Hearing will be to determine: (a) whether the settlement should be approved as fair, reasonable, and adequate; and (b) whether the Judgment (defined below) should be entered.  The Court may adjourn or continue the Settlement Hearing without further notice of any kind.

## V.    DEFINITIONS USED IN THIS NOTICE

As used in the Stipulation, the following terms have the meanings specified:

1.    "Colorado Federal Action" means the consolidated actions entitled *Wooten v. Emergency Medical Services Corporation, et al.*, Civil Action No. 1:11-cv-00412.

2.    "Colorado Federal Plaintiffs" means Michael Wooten and Neal Greenberg.

3.      "Colorado Federal Plaintiffs' Counsel" means any counsel who have appeared for any of the Colorado Federal Plaintiffs.

4.      "Colorado State Actions" means the actions entitled *Howell v. Sanger, et al.*, Case No. 2011CV488 and *Halliday v. Emergency Medical Services Corporation, et al.*, Case No. 2011CV316, both filed in the District Court, Arapahoe County, Colorado.

5.      "Colorado State Plaintiffs" means Alma C. Howell and Scott A. Halliday.

6.      "Colorado State Plaintiffs' Counsel" means any counsel who have appeared for the Colorado State Plaintiffs.

7.      "Consolidated Delaware Action" means the seven actions that were subsequently consolidated into one action entitled *In re Emergency Medical Services Corporation Shareholder Litigation*, Consolidated C.A. No. 6248-VCS, filed in the Delaware Court of Chancery.

8.      "Defendants" means William A. Sanger, Robert M. LeBlanc, Steven B. Epstein, Paul B. Iannini, James T. Kelly, Michael L. Smith, Kevin E. Benson, Leonard Riggs, Jr., EMSC, Merrill Lynch, Pierce, Fenner & Smith, Inc., Bank of America Corporation, Goldman, Sachs & Co., CD&R, CDRT Acquisition Corporation, CDRT Merger Sub, Inc., Onex Corporation, Onex EMSC Co-Invest LP, Onex Partners LP, Onex Partners GP LP, Onex Partners LLC, Onex US Principals LP, EMS Executive Investco LLC, Onex American Holdings II LLC, and Onex Partners GP, Inc.

9.      "Effective Date" means the first date by which all of the events and conditions specified in paragraph 6.1 of the Stipulation have occurred and have been met.

- 11 -

10.     "Final" means when the last of the following has occurred with respect to the Judgment: (i) the time to appeal or to move to amend, alter or reconsider approval of the Judgment has expired without any appeal having been taken or motion having been filed; (ii) if an appeal is taken or a motion to amend, alter or reconsider approval of the Judgment is filed, the determination of that appeal or motion (and any subsequent appeal or motion) in a manner that affirms and leaves in place the Judgment without any material modification.  For purposes of this definition, an "appeal" shall include a petition for a writ of certiorari or other writ that may be filed in connection with the approval of the settlement or a request for en banc review or consideration, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or motion after remand, but shall not include any appeal that concerns only the award of attorneys' fees and expenses.

11.     "Individual Defendants" means William A. Sanger, Robert M. LeBlanc, Steven B. Epstein, Paul B. Iannini, James T. Kelly, Michael L. Smith, Kevin E. Benson, and Leonard Riggs, Jr.

12.     "Judgment" means the judgment to be entered by this Court, substantially in the form attached as Exhibit B to the Stipulation.

13.     "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Michael J. Dowd, A. Rick Atwood, Jr., Jeffrey D. Light, David Wissbroecker, 655 West Broadway, Suite 1900, San Diego, California 92101.

14.     "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or

665739_4

agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, administrators, agents, executors, attorneys, assigns, and/or assignees.

15.    "Plaintiffs" means the plaintiffs in the Released Actions.

16.    "Plaintiffs' Counsel" means any counsel who has appeared for any of the Plaintiffs in the Released Actions.

17.    "Released Actions" means the Colorado Federal Action, the Colorado State Actions, and the Consolidated Delaware Action.

18.    "Released Claims" shall mean, collectively, all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, fees, expenses, costs, matters, and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, liquidated or unliquidated, matured or unmatured, that have been, could have been, or in the future could or might be asserted in any of the Released Actions or in any court, tribunal, or proceeding (including, but not limited to, any claims arising under federal, state or foreign statutory or common law, relating to alleged fraud, breach of fiduciary or other duty, negligence, violations of the federal securities laws and any state disclosure law), by or on behalf of any Member of the Settlement Class, whether individual, class, derivative, representative, legal, equitable, or any other type or in any capacity against the Released Persons, which have arisen, could have arisen, arise now, or hereafter arise out of or relate in any manner to the allegations, acts, events, facts, matters, occurrences, statements, or representations, or any other matter, thing or cause

- 13 -

665739_4

whatsoever, or any series thereof, embraced, involved or set forth in, or referred to or otherwise related in any way to (i) the Merger; (ii) the fiduciary obligations of any of the Defendants or Released Persons in connection with the Merger; (iii) the negotiations in connection with the Merger; or (iv) the disclosures or disclosure obligations of any of the Defendants or Released Persons in connection with the Merger; provided, however, that the Released Claims shall not include properly perfected claims for appraisal pursuant to Section 262 of the Delaware General Corporation Law or the right of any party to enforce the terms of the Stipulation.

19.     "Released Persons" shall collectively mean Defendants (whether or not they were named, served with process, appeared in any of the Released Actions, or were dismissed from any such action) and/or their respective families, parent entities, controlling persons, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, agents, principals, representatives, employees, attorneys, financial or investment advisors, advisors, consultants, accountants, investment bankers, commercial bankers, trustees, engineers, agents, insurers, co-insurers and reinsurers, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors, and assigns, whether or not any such Released Persons were named, served with process, appeared in any of the Released Actions, or were dismissed from any such action.

20.     "Settlement Class" means a non-opt out class for settlement purposes, pursuant to Rules 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure, comprised

- 14 -

of all Persons who were record holders or beneficial owners of EMSC common stock at any time from December 13, 2010, through and including May 25, 2011 (the effective date of the Merger), including any and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them.  Excluded from the Settlement Class are Defendants and their officers, directors, and majority-owned affiliates, as well as members of the immediate family of any Individual Defendant, and the legal representatives, heirs, successors or assigns of any such excluded Person.

21.    "Settlement Class Member" or "Member of the Settlement Class" mean a Person who falls within the definition of the Settlement Class as set forth above.

22.    "Settlement Class Period" means the period from and including December 13, 2010, through and including May 25, 2011.

23.    "Settling Parties" means, collectively, Defendants, the Colorado Federal Plaintiffs (on behalf of themselves and the Members of the Settlement Class), and the Colorado State Plaintiffs.

## VI.    ORDER CERTIFYING A SETTLEMENT CLASS FOR PURPOSES OF SETTLEMENT

On _____, 2011, the Court certified the Settlement Class for purposes of settlement as defined above.

## VII.    DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter the Judgment.  The Judgment will release the Released Claims as to the Released Persons.

- 15 -

665739_4

The Judgment will provide that all Settlement Class Members shall be deemed to have released and forever discharged all Released Claims against all Released Persons, and will be barred from asserting any of the Released Claims in the future, unless the settlement is canceled or terminated pursuant to the terms of the Stipulation.

## VIII.   CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events.  Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from or alter or amend the Judgment. If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions prior to the settlement.

## IX.   THE RIGHT TO BE HEARD AT THE HEARING

Any Settlement Class Member may, but is not required to, enter an appearance in the Colorado Federal Action and be represented by counsel of his, her or its choice and at his, her or its expense.  Any Settlement Class Member who does not enter an appearance will be represented by the attorneys for the Colorado Federal Plaintiffs listed below.  Any Settlement Class Member who objects to any aspect of the settlement may appear and be heard at the Settlement Hearing.  Any such Person must serve a written notice of objection, by mailing or hand-delivering the written notice of objection to each of the following counsel, such that it is received on or before _____, 2012:

665739_4

ROBBINS GELLER RUDMAN
  & DOWD LLP
JEFFREY D. LIGHT
655 West Broadway, Suite 1900
San Diego, CA 92101

*Lead Counsel for Colorado Federal Plaintiffs*

KAYE SCHOLER LLP
PHILLIP A. GERACI
425 Park Avenue
New York, NY 10022

Attorneys for Defendants Emergency Medical
Services Corporation, William A. Sanger, Robert M.
LeBlanc, Steven B. Epstein, Dr. Paul B. Iannini,
James T. Kelly, Michael L. Smith, Kevin E. Benson,
and Dr. Leonard Riggs, Jr.

DEBEVOISE & PLIMPTON LLP
GARY W. KUBEK
919 Third Avenue
New York, NY 10022

Attorneys for Defendant Clayton, Dubilier & Rice,
LLC, CDRT Acquisition Corporation, and CDRT
Merger Sub, Inc.

Any such written objection must also be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, Room A-105, 901 19th Street, Denver, Colorado 80294-3589, on or before _____, 2012. The notice of objection must demonstrate the objecting Person's membership in the Settlement Class, and contain a statement of the reasons for objection. Only Members of the Settlement Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

- 17 -

## X.   NOTICE TO PERSONS OR ENTITIES HOLDING RECORD OWNERSHIP ON BEHALF OF OTHERS

If you hold or held any EMSC common stock at any time from December 13, 2010, through and including May 25, 2011, the effective date of the Merger, as nominee for a beneficial owner, then, within fourteen (14) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Notice Administrator:

> *EMSC Shareholder Litigation*
> c/o Alliance Advisors
> 200 Broadcasters Drive, 3rd Floor
> Bloomfield, NJ  07003

If you choose to mail the Notice yourself, you may obtain from the Notice Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Notice Administrator.

## XI.   EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation. For full details of the matters discussed in this Notice, you may desire to review the Stipulation filed with the Court, which may be inspected during business hours, at the office

665739_4

of the Clerk of the Court, United States District Court for the District of Colorado at the Alfred A. Arraj United States Courthouse, Room A-105, 901 19th Street, Denver, Colorado 80294-3589.

For further information regarding this settlement you may contact: Robbins Geller Rudman & Dowd LLP, c/o Rick Nelson, Shareholder Relations, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 800/449-4900.  You may view the Stipulation at www.proxyease.com/EMSC.com.

**DO NOT TELEPHONE THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

665739_4