## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Christine M. Arguello

Civil Action No. 11-cv-00412-CMA-MEH
(Consolidated for All Purposes with Civil Action No. 11-CV-00496-CMA-MEH)

MICHAEL WOOTEN, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

EMERGENCY MEDICAL SERVICES CORPORATION,
CLAYTON, DUBILIER & RICE, LLC,
ONEX CORPORATION,
WILLIAM A. SANGER,
ROBERT M. LeBLANC,
STEVEN B. EPSTEIN,
PAUL B. IANNINI,
JAMES T. KELLY,
MICHAEL L. SMITH,
KEVIN E. BENSON and
LEONARD RIGGS, JR.,

    Defendant.

---

## FINAL ORDER OF JUDGMENT

---

This matter came before the Court for hearing pursuant to the Order of this Court, dated December 23, 2011, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of November 28, 2011 (the "Stipulation").  Due and adequate notice having been given to the Settlement Class as required in that Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good

cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Colorado Federal Action and over all parties to the Colorado Federal Action, including all Members of the Settlement Class.

3. Pursuant to Rules 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this settlement only, a non-opt out Settlement Class consisting of all Persons who were record holders or beneficial owners of EMSC common stock at any time from December 13, 2010, through and including May 25, 2011 (the effective date of the Merger), including any and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them.  Excluded from the Settlement Class are Defendants and their officers, directors, and majority-owned affiliates, as well as members of the immediate family of any Individual Defendant, and the legal representatives, heirs, successors or assigns of any such excluded Person.

4. With respect to the Settlement Class, this Court finds and concludes, for purposes of this settlement only, that: (a) the Members of the Settlement Class are so

numerous that joinder of all Settlement Class Members in the Colorado Federal Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Colorado Federal Plaintiffs are typical of the claims of the Settlement Class; (d) the Colorado Federal Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; (e) a class action is superior to other methods for the fair and efficient adjudication of the matter; and (f) the prosecution of separate actions by individual Settlement Class Members would create a risk of inconsistent adjudications which would establish incompatible standards of conduct for Defendants, and, as a practical matter, the disposition of this Action would influence the disposition of any pending or future identical cases brought by other Settlement Class Members; and (g) there were allegations that Defendants acted or refused to act on grounds generally applicable to the Settlement Class.

5. This Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable, and adequate to each of the Settling Parties and each of the Settlement Class Members, and the Settling Parties are hereby directed to perform its terms. The Stipulation is made a part of this Judgment as if fully set forth herein.

6. All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

7.  Upon the Effective Date, the Colorado Federal Plaintiffs, the Colorado State Plaintiffs, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment and law shall have, fully, finally, and forever released, relinquished, dismissed with prejudice on the merits, and discharged all Released Claims against the Released Persons; provided, however, that the Colorado Federal Plaintiffs, the Colorado State Plaintiffs, and the Settlement Class Members shall have the right to enforce the Stipulation.

8.  The settlement extinguishes any and all Released Claims, and with respect to such Released Claims, upon the Effective Date, the Colorado Federal Plaintiffs and the Colorado State Plaintiffs shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, waived and relinquished their rights to the extent permitted by state law, federal law, foreign law, or principle of common law with respect to the Released Claims. This shall include a waiver, by the Colorado Federal Plaintiffs and the Colorado State Plaintiffs expressly and by each of the Settlement Class Members by operation of this Judgment, of any rights pursuant to §1542 of the California Civil Code (or any similar, comparable, or equivalent provision), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Colorado Federal Plaintiffs, the Colorado State Plaintiffs, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, any federal law or regulation, or any principle of common law or international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Colorado Federal Plaintiffs, the Colorado State Plaintiffs, and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Colorado Federal Plaintiffs and the Colorado State Plaintiffs shall expressly have and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of this Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a material element of the settlement of which this release is a part.

9. Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Colorado Federal Plaintiffs, the Colorado State Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel from all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or non-contingent, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the Released Actions or the Released Claims; provided, however, that the Released Persons shall have the right to enforce the Stipulation ("Defendants' Released Claims").

10. The settlement extinguishes any and all Defendants' Released Claims, and with respect to such Defendants' Released Claims, upon the Effective Date, the Defendants shall expressly waive and relinquish their rights to the extent permitted by state law, federal law, foreign law, or principle of common law with respect to the Defendants' Released Claims. This shall include a waiver by the Defendants of any rights pursuant to §1542 of the California Civil Code (or any similar, comparable, or equivalent provision), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Defendants shall be deemed to have, and by operation of this Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, any federal law or regulation, or any principle of common law or international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Defendants may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Defendants' Released Claims, but the Defendants shall expressly have, fully, finally, and forever settled and released any and all Defendants' Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge that the foregoing waiver was separately bargained for and is a material element of the settlement of which this release is a part.

      11.    The Notice of Settlement of Class Action given to the Settlement Class, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort, provided the best notice practicable under the circumstances of these proceedings and of the matters set forth herein, including the

proposed settlement set forth in the Stipulation, to all Persons entitled to such notice. This notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

12. The Court orders that EMSC or its successor(s)-in-interest shall pay, or cause to be paid, on behalf of itself and for the benefit of the other Defendants, the sum of $900,000.00 in attorneys' fees and expenses to Plaintiffs' Counsel in accordance with, and subject to the terms and conditions of, ¶¶ 5.1-5.2 of the Stipulation.

13. During the course of the Colorado Federal Action, all Settling Parties and their counsel complied with Federal Rule of Civil Procedure 11.

14. The provisions contained in the Stipulation shall not be deemed a presumption, concession or admission by any Defendant of any fault, liability or wrongdoing as to any facts or claims that have been or might be alleged or asserted in the Released Actions, or any other action or proceeding that has been, will be, or could be brought, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Released Actions, or in any other action or proceeding, whether civil, criminal or administrative, for any purpose other than as provided expressly herein.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement; and (b) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

16.  In the event that the settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

DATED: March  23 , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge